UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MONICA D. MENDEZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.: 2:16-cv-00610-JHE |
| PALACIO CLEANING SERVICE, LLC, et al., | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**[1]

Plaintiff Monica D. Mendez and Defendants Palacio Cleaning Service, LLC and Abel Perez ("Defendants") jointly move for approval of their settlement agreement.[2]  (Docs. 15, 22). The parties seek approval of the terms of their settlement agreement on Mendez's claims for unpaid wages and overtime pay.  (*Id.*).  For the reasons set forth below, the Court approves the parties' settlement.

**I. Background Facts**

Mendez filed this action on April 15, 2016, alleging claims for unpaid wages and overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.* (Doc. 1).  In lieu of Defendants filing an answer, the parties exchanged initial disclosures and informal

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment.  (Doc. 13).

[2] The parties filed a Joint Motion for Settlement of FLSA claims on August 17, 2016.  (Doc. 15).  Because that motion lacked the requisite detail necessary for this court to approve the settlement as "a fair and reasonable resolution of a bona fide dispute," the parties were ordered to supplement their motion.  (*See* Doc. 19).  Having supplemented their motion (doc. 22) to the court's satisfaction, the settlement is approved as it is set forth in the Second Amended Joint Motion to Approve FLSA settlement.

discovery, discussed payroll and personnel records, and reached a settlement on August 9, 2016, the terms of which are contained in the Second Amended Joint Motion to Approve FLSA Settlement ("the Agreement"). (Doc. 22 at ¶¶ 11-12). The undersigned has reviewed the Agreement.

Under the Agreement, Defendants have agreed to pay Mendez a specified amount to settle her claims for unpaid wages and overtime and attorney's fees and costs to Mendez's counsel. The parties stipulate and agree the terms set forth in the Agreement constitute a fair and reasonable resolution of a *bona fide* dispute regarding whether Mendez is entitled to any further compensation. (Doc. 22 at ¶¶ 4-5).

## II. Analysis

Subject to specific exceptions, the FLSA provides that employees are entitled to receive overtime pay at one and one-half times their regular rate for all hours worked in excess of forty per week. *See* 29 U.S.C. § 207(a)(1). An employer who violates the FLSA is liable to its employee for both unpaid overtime compensation and for an equal amount in liquidated damages. 29 U.S.C. § 216(b). In an action to recover unpaid overtime compensation, a court is further required to award a prevailing plaintiff a reasonable attorney's fee and costs of the action. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

Judicial review and approval of an FLSA settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982). Before approving an FLSA settlement, a court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In

determining whether the settlement is fair and reasonable, the court should consider the following factors:

> 1. the existence of fraud or collusions behind the settlement;
> 2. the complexity, expense, and likely duration of litigation;
> 3. the stage of the proceeding and the amount of discovery completed;
> 4. the probability of success on the merits;
> 5. the range of possible recovery; and
> 6. the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In reviewing the terms of a proposed settlement, there is a strong presumption in favor of finding it is fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[3]

Here, there is no indication of fraud or collusion. All parties were represented by experienced counsel, and the payments take into account the likelihood of success and the amount Mendez might recover if she prevailed on her claim. (Doc. 22 at ¶¶ 2, 4, 6, 12). The complexity, expense, and expected duration of continued litigation also militate in favor of this settlement. The parties continue to disagree over the merits of Mendez's claim and the amount of compensation owed to her. (*Id.* at ¶ 4). Both parties have acknowledged to the Court the settlement is to avoid the expense of contested legal proceedings. (*Id.*). The outcome of contested litigation is uncertain and if this matter were to be litigated to an award by jury, all parties would be required to engage in costly litigation. Accordingly, this settlement is a reasonable means for all parties to minimize future risks and litigation costs, and the confidential payments to Mendez to settle her claims are fair, reasonable, and adequate.

---

[3] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down prior to the close of business that day, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

Based on counsel's representations, there has been sufficient investigation and exchange of information and documents to enable counsel to reasonably and adequately assess the claims and defenses at issue. (*Id.* at ¶ 2, 12). Specifically, Mendez had the opportunity to review and analyze approximately 95 pages of Palacio's payroll data. (*Id.*). Before agreeing to the proposed settlement, the parties had sufficient information to enable them to make an informed analysis and assessment of the case. For example, the amended motion to approve the settlement details the specific calculations used in arriving at the confidential settlement amount which included, among other details, the hours Mendez claimed to have worked and her hourly rate. (Doc. 22, ¶ 12(e)). It also sets forth contested issues of law and fact that influenced the settlement amount. (*Id.* ¶ 12(f)-(g)). Settlement negotiations balanced the best possible recovery for Mendez against the realities of her trying to prove that recovery in a court of law. (Doc. 22, ¶ 12(e)-(g)). In doing so, counsel reached a compromise the court finds is fair, reasonable, and adequate. Moreover, in light of the costs of further litigation and the uncertainty and timing of any recovery, the proposed settlement is a fair and reasonable resolution of a bona fide dispute.

Additionally, the undersigned has reviewed the reasonableness of counsel's legal fees. *See Silva*, 307 F. App'x at 351 ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."). Counsel has informed the court of the approximate hours spent in reaching a settlement in this case. (Doc. 22, ¶ 12 (i)). This time includes several meetings and conversations with the plaintiff through an interpreter. (*Id.*) Taking the attorney fee agreed upon here, and dividing it by the approximate hours worked, yields an effective hourly rate the court finds is reasonable in the context of this FLSA case. Counsel has submitted that his fee in this case is "far less than a

reasonable hourly rate for an attorney with over twenty years of employment experience." (*Id.* at ¶ 12 (k)). In making this submission, counsel cites evidence of much higher hourly rates being approved in the Birmingham, Alabama market. (*Id.*). Based on the information provided in the Second Amended Joint Motion for Approval of Settlement, the court finds counsel's fee is reasonable and Mendez's claims were not compromised by any deduction of attorney's fees, costs, or expenses.

### III. Conclusion

The court finds Plaintiff's claims represent a bona fide dispute over FLSA provisions and the parties' settlement is a fair and reasonable resolution of these bona fide disputes.

Therefore, the parties' Second Amended Joint Motion for Approval of Settlement is **GRANTED**, and the settlement is **APPROVED**.

DONE this 5th day of October, 2016.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE